IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALA NOFAN MAKHAMREH, et al., :

    Plaintiffs,

:

v.

Case No. 3:18-cv-227

:

JUDGE WALTER H. RICE

(to be filed under seal)

ATTORNEY GENERAL DEPARTMENT OF JUSTICE, et al.,

    Defendants.

---

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DOC. #28) AND SUSTAINING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. #30); JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFFS; TERMINATION ENTRY

---

The issue before this Court is the denial of a Form I-130 Petition for Alien Relative ("I-130 Petition" or "Petition") by the United States Citizenship and Immigration Services ("USCIS"). The I-130 Petition was filed by Plaintiff, Melissa Riley ("Riley" or "Petitioner"), on behalf of her husband, Plaintiff, Ala Makhamreh ("Makhamreh" or "Beneficiary") (collectively, "Plaintiffs"). Riley's I-130 Petition was denied by the USCIS and the denial was affirmed by the Board of Immigration Appeals ("BIA"). Plaintiffs have filed a motion for summary judgment, Doc. #28 ("Plaintiffs' Motion"). They request that the Court, under the

Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), "hold unlawful and set aside" the decision of the BIA. They contend that Makhamreh's alien file contains no "substantial and probative evidence" of an attempt or conspiracy to enter into a marriage for the purpose of evading the immigration law within the purview of §204 (c) of the Immigration and Nationality Act, ("INA") 8 U.S.C.§ 1154(c).[1] Accordingly, they assert that no genuine issue of material fact exists and that Plaintiffs are entitled to judgment as a matter of law.

Defendants, William P. Barr, Attorney General of the United States of America, the United States Department of Justice ("DOJ"); Kevin K. McAleenan, Acting Secretary, U.S. Department of Homeland Security ("DHS"); Kenneth T. Cuccinelli, Director, USCIS; Mark Hansen, District Director, USCIS; and David L. Neal, Chairman Board of Immigration Appeals (collectively, "Defendants"), have filed a cross-motion for summary judgment and response to Plaintiffs' Motion, Doc. #30, ("Defendants' Motion"). They contend that the sole issue is whether the decisions of the USCIS and the BIA are supported by the administrative record, and are otherwise consistent with the APA's "deferential standard of review" in

---

[1] In *Matter of P. Singh*, 27 I.& N. Dec. 598 (BIA 2019), the BIA analyzed the phrase "substantial and probative evidence" and explained the type and extent of evidence necessary to meet that standard in determining marriage fraud under § 204(c) of the INA, 8 U.S.C. § 1154(c) (2012). Although *Singh* is a 2019 decision issued after the agencies' decisions in this case, the Board stated that its decision is consistent with the standard it had been applying in adjudicating visa petitions involving marriage fraud. *Id.* at 607. Because the Sixth Circuit gives "substantial deference" to the "BIA's interpretation of the INA and accompanying regulations," *Shewchun v. Holder*, 658 F.3d 557, 561-62 (6th Cir.)(citation omitted), the Court will rely on these decisions' analyses of the type and extent of evidence necessary to satisfy the "substantial and probative" standard of proof.

2

immigration cases. *Bangura v. Hansen*, 434 F.3d 487, 502 (6th Cir. 2006). They assert that the administrative record supports the denial by the agencies[2] of the Form I-130, that Plaintiffs' Motion should be denied and that Defendants are entitled to judgment as a matter of law. After consideration of the issues and a full review of the all relevant authority, Defendants' Motion, Doc. #30, is sustained and Plaintiff's Motion is overruled. Doc. #28.

I. **Factual and Procedural History**

   A. **The Brandy Ferguson Marriage**

   Makhamreh, a citizen of Jordan, came to the United States on March 29, 2013, on a six-month visa. Doc. #27-15, PAGEID#527. He met Brandy Ferguson ("Ferguson"), a United States citizen, in June or July of 2013. They were married on August 23, 2013. Doc. #27-9, PAGEID##389-90; Doc. #27-15, PAGEID#525. On September 23, 2013, Ferguson filed a Form I-130 and Makhamreh filed his I-485 application for permanent residency with the USCIS. Doc. # 27-14, PAGEID#512.[3]

---

[2]The BIA, located in the Executive Office for Immigration Review, is the highest administrative body interpreting and applying immigration laws. It authorized twenty-three Appellate Immigration Judges, a Chief Appellate Judge and two Deputy Chief Appellate Judges. https://www.justice.gov/eoir. The Sixth Circuit "reviews the BIA's decision as the final agency determination." *Kamar v. Sessions*, 875 F.3d 811, 817 (6th Cir. 2017) (citation omitted).

[3]When a United States citizen marries a non-citizen, the United States citizen can file a Form I-130 for an immediate relative visa. INA § 204(a), 8 U.S.C. § 1154(a); 8 C.F.R. § 204.2(a); see INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151(b)(2)(A)(i). The petitioner must establish that the marriage was bona fide at its inception by a preponderance of the evidence. If the Form I-130 is approved, the beneficiary may seek lawful permanent residence by filing a

On October 1, 2013, one week after filing the Petition and approximately forty-one days after they were married, Ferguson submitted a signed letter to the USCIS. In the letter, she requested that the agency withdraw her Petition. Stating that Makhamreh had "possibly married me for reasons other than a relationship with me." Doc. #27-14, PAGEID#514.

> I would like to withdrawal [sic] my application for petition for alien relative for my husband Ala Makhamreh. Soon after we got married I have begun to believe he possibly married me for reasons other than a relationship with me. We are not living together. He refuses to let me meet his relatives who he see's [sic] weekly. He has also refused me a key to where he is living. I don't see him often as he says he doesn't have the mood or is busy with his relatives. The problems have escalated and he has now physically assaulted me. I plan to file for divorce and he is aware of that. We are no longer in contact. His USCIS mail that has been coming to my parents [sic] home where I am living has been returned to your office.
>
> My contact information hasn't changed. I am not sure of his address at this time. His phone number is still valid- [Redacted].

*Id.*

On October 29, 2013, the USCIS acknowledged the withdrawal and denied Makhamreh's I-485 application. Doc. #27-6, PAGEID##321-322. Ferguson's divorce from Makhamreh was final on May 29, 2014. Doc. #27-13, PAGEID#495.

On April 16, 2014, DHS issued Makhamreh a Notice to Appear for removal proceedings. He was arrested by the Immigration and Customs Enforcement agency ("ICE") and later released on bond. Doc. #27-11, PAGEID #428.

---

Form I-485, Application to Register Permanent Residence or Adjust Status. See INA § 245(a), 8 U.S.C. § 1255(a).

4

### B. Riley Marriage and November 4, 2014, I-130 Petition

On August 14, 2014, Makhamreh married Riley in Butler County, Ohio, and on November 4, 2014, Riley filed a Form I-130 for her husband. Doc. #27-7, PAGEID##342-343. Included with her Petition were a Certificate Abstract of Marriage, their birth certificates, affidavits by Plaintiffs, family members and friends, photographs of them at various events, a copy of Makhamreh's I-94 and visa page, a memo from Attorney Jack Grayer supporting his observations of Riley's marriage and the divorce decrees from their prior marriages. Doc. #27-10, PAGEID##419-420; Doc. #27-12, PAGEID#459 through Doc. #27-14, PAGEID#503. Plaintiffs were interviewed on June 19, 2015. Doc. #27-7, PAGEID#343. As a result of certain discrepancies in the Riley-Makhamreh's interview, USCIS contacted Ferguson on August 14, 2015, by telephone for an interview.

### C. Ferguson Telephone Interview and USCIS October 17, 2016, NOID

On August 14, 2015, USCIS interviewed Ferguson by telephone concerning her marriage to Makhamreh. Doc. 27-11, PAGEID##429–30. The interviewer's notes indicate that Ferguson repeated the allegations she had made in her October 1, 2013, withdrawal letter. She also expressed fear of him due to an alleged assault. During the interview, Ferguson agreed to review a sworn statement that would be sent to her, have her signature notarized and return the responses to USCIS. Doc. #27-11, PAGEID##440-444. Ferguson never returned the questionnaire.

5

On November 23, 2015, USCIS interviewed Makhamreh regarding his marriage to Ferguson. Doc. #27-11, PAGEID 430. He admitted that he never lived with Ferguson or introduced her to his family. He denied that he ever physically assaulted her or that he did not give her access to his residence. *Id.*

On January 19, 2016, the Fraud Detection and National Directorate of the USCIS prepared a Fraud Referral Statement of Findings which was used to support the USCIS denial of Riley's I-130 Petition. Doc. #27-11, PAGEID##423-433.

On October 17, 2016, USCIS issued Petitioner a Notice of Intent to Deny ("NOID"), citing Makhamreh's prior marriage to Ferguson, the allegations in her withdrawal letter and certain discrepancies between Plaintiffs' statements during their interview concerning their own marriage. Doc. #27-10, PAGEID##410–14.

Plaintiffs' submitted a detailed response to the NOID including: (1) Makhamreh's affidavit providing a narrative of his marriage to Ferguson, Doc. #27-9, PAGEID##389–90; (2) a one-page statement that Makhamreh alleges he wrote with Ferguson on September 15, 2013, which describes their relationship, Doc. #27-7, PAGEID#323; (3) a copy of the cover letter for Ferguson's Petition, Doc. #27-5, PAGEID#275; (4) a copy of the co-sponsor Form I-864 from Ferguson's stepfather, Jeffrey Proffitt, that was submitted along with the Ferguson Form I-130, Doc. #27-4, PAGEID##260–70; (5) documentation of the couple's marriage and divorce, Doc. #27-5, PAGEID##277–82; (6) photos of prescription medications for Ferguson, Doc. #27-4, PAGEID##271–72; (7) a residence ledger for Makhamreh documenting his place of residence immediately following his marriage to

6

Ferguson, Doc. #27-5, PAGEID##283–84; (8) a criminal index search showing that Makhamreh had never been charged with assaulting Ferguson, Doc. #27-5, PAGEID#273; and (9) a picture of a shirt that Makhamreh alleges Ferguson tore during an altercation they had. *Id.*, at PAGEID#285.

### D. USCIS May 1, 2017, Decision Denying Riley's I-130 Petition

On May 1, 2017, the USCIS issued its Decision denying Riley's I-130 Petition. Doc. #27-7, PAGEID##341-347 and Doc. #27-8, PAGEID#348. The denial by the agency referenced Ferguson's October 1, 2013, withdrawal letter and her later telephone interview, along with a number of discrepancies in the addresses Makhamreh had given for his residence during and after his marriage to Ferguson, and exhibits he submitted in response to the NOID, contradicting his earlier statement that he did not live with Ferguson due to a lack of finances. *Id.*, PAGEID 345–47. The denial also referenced that the marriage to Riley occurred after his removal proceedings. *Id.*

### E. BIA Appeal and June 4, 2018, Decision

Riley timely filed a Notice of Appeal to the BIA arguing that USCIS committed error in finding substantial and probative evidence that the Ferguson marriage was for the purpose of evading immigration law. She asserted that the BIA erroneously concluded that she did not sustain her burden of a good faith marriage to Makhamreh.

7

On June 4, 2018, the BIA dismissed Petitioner's appeal and affirmed the USCIS's Decision. Doc. #27, PAGEID#179.  It specifically found that the Ferguson marriage was entered into for the purpose of evading the immigration laws and that "evidence regarding the beneficiary and [Ferguson]'s failure to live together and hold each other out as a married couple" is probative of this finding. *Id.* The BIA made no finding regarding the portion of USCIS's decision dealing with Plaintiffs' current marriage and its observation that Plaintiffs were married after Makhamreh's removal proceedings began.  The BIA considered and cited all the allegations in Ferguson's October 1, 2013, withdrawal letter, although it agreed with Petitioner that any alleged assault on Ferguson did not constitute marriage fraud. *Id.*, PAGEID#178. Additionally, the BIA agreed with USCIS's conclusion that Makhamreh had "been less than forthcoming in providing USCIS with an accurate record of his previous residences" and that the residence ledger he submitted contradicted any suggestion that he did not live with Ferguson due to a lack of finances. *Id.* at PAGEID#179.

**II.     Standard of Review**

In reviewing Fed. R. Civ. P. 56 (a) motions for summary judgment filed in an appeal of an agency's decision under the APA, the Court applies a different standard of review.  Specifically, the Sixth Circuit has cautioned against the "improper consideration of evidence outside the administrative record and reliance upon post hoc rationalizations for the agency's action." *Alexander v.*

8

*Merit Sys. Protection Bd.*, 165 F.3d 474, 480-81 (6th Cir. 1999). Under the APA, an agency decision can only be set aside if it is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Bangura v. Hansen*, 434 F.3d 487, 502 (6th Cir. 2006) (citing 5 U.S.C. § 706(2)(A)). An agency's decision is arbitrary and capricious "if the agency fails to examine relevant evidence or articulate a satisfactory explanation for the decision." *Id.* The judgment of the court cannot be substituted for the judgment of the agency. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, (1983).

"Even when an agency explains its decision with less than ideal clarity," the decision will not be overturned "on that account if the agency's path may reasonably be discerned." *Bangura*, 434 F.3d at 502. (quoting *Alaska Dep't of Env't Conservation v. EPA*, 540 U.S. 461, 497, 124 S.Ct. 983, 157 (2004)). Courts should make a "searching and careful" inquiry into the facts, but an agency's factual findings should be accepted if they are supported by substantial evidence on the record. *Ky. Waterways Alliance v. Johnson*, 540 F.3d 466, 474 (6th Cir. 2008); *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992). Only the administrative record, which includes all the materials before the agency at the time it made its decision, will be considered. *Alexander v. Merit Sys. Protection Bd.*, 165 F.3d at 480; *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir.1997).

To determine whether the agency's decision is "otherwise not in accordance with the law," 5 U.S.C. §706(2)(A), the Court in this case looks to the law and regulations governing the I-130 Petitions.

A United States citizen who marries a non-citizen can file a Petition to classify the citizen's spouse as an immediate relative so that the relative receives a preference status. INA § 204(a), 8 U.S.C. § 1154(a); 8 C.F.R. § 204.2(a); *see* INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151(b)(2)(A)(i). When a I-130 Petition is filed based on marriage, the petitioner must show by a preponderance of the evidence that the marriage was *bona fide* at its inception, i.e. that the couple intended to establish a life together at the time they got married. *Matter of Soriano*, 19 1. & N. Dec. 764, Interim Decision 3081 (B.I.A.1988) ("The central question is whether the bride and groom intended to establish a life together at the time they were married"); *Matter of Laureano*, 19 I. & N. Dec. 1, Interim Decision 2951 (B.I.A.1983) (same). The USCIS investigates the claimed marital relations, underlying circumstances of the marriage and marital history of the petitioner and beneficiary before conferring immigration benefits. 8 U.S.C. § 1103(a). In visa Petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. *See Matter of Brantigan*, 11 I. & N. Dec. 493, 495 (BIA 1966). Following the review, adjudication and approval of the I-130 Petition, the non-citizen spouse then may apply for lawful permanent resident status. *See* 8 U.S.C. 1255(a).

If during the USCIS's review, it identifies "substantial and probative evidence" that the beneficiary had a prior marriage to a United States citizen or lawful permanent resident that was for the purpose of evading the immigration laws, it will issue a NOID. 8 C.F.R. §§ 103.2(b)(16), 204.2(a)(1)(ii). Upon receipt of this notice, the petitioner may respond and to be successful must establish that the suspected marriage was legitimate and not fraudulent. *Matter of Kahy*, 19 I. & N. Dec. 803, 806–07 (BIA 1988).

Section 204(c) of the INA denies a visa to an alien's immediate relative on the basis of a fraudulent or sham marriage when it is found that

> (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

8 U.S.C. § 1154(c).

A decision finding marriage fraud pursuant to § 204(c) must be supported by substantial and probative evidence. *Bangura*, 434 F.3d at 502-503 (citations omitted). Substantial and probative evidence of marriage fraud is evidence that "must establish that it is more than probably true that the marriage is fraudulent." *Singh*. 27 I & N Dec. at 607. Such evidence can be direct and or circumstantial. *Id*. The substantial and probative evidence standard is less than "clear and convincing evidence," which requires proof that something is "highly probably

11

true," but more than a "preponderance of the evidence," which only requires proof that something is "probably true." *Id.* at n. 7. Once it is determined that a beneficiary entered a prior marriage for the purpose of evading the immigration laws, all subsequent I-130 Petitions filed on behalf of that beneficiary must be denied. 8 U.S.C. 1154(c); *Matter of Kahy*, 19 I. & N. Dec. at 805 n. 2.

The Court will review the agencies' decisions to determine if it is supported by substantial and probative evidence.

### III. LEGAL ANALYSIS

**Because the Administrative Record Contains Substantial and Probative Evidence that Makhamreh's Marriage to Ferguson Was Entered into for the Purpose of Evading the Immigration Laws, and that Plaintiffs Failed to Provide Persuasive Proof of the *Bona Fides* of that Marriage, the Agencies' Decisions Are Not Arbitrary, Capricious, an Abuse of Discretion or Otherwise not in Accordance with Law**

In challenging the agencies' denial of the I-130 Petition on the ground that the Ferguson marriage was a sham marriage under § 204(c), Plaintiffs argue that the Ferguson marriage was a "failed marriage and not a fraudulent marriage." Doc. #28, PAGEID#548. They further assert that any questions concerning Makhamreh's non-disclosure of prior addresses are "clearly explained" in his affidavit. Doc. #28, PAGEID#548. Accordingly, they contend that there was no substantial and probative evidence of fraud and that the decisions of the agencies are arbitrary, capricious, not in accordance with law and "without observance or procedure required by law." *Id.* at PAGEID#549. The Court will examine the BIA's

*de novo* review of the facts as gathered and explained in the decision of the USCIS.

In conducting its *de novo* review of the evidence, the BIA noted that for § 204(c) to bar approval of the Petition, "an affirmative finding" that the Ferguson marriage was "actually fraudulent," based upon substantial and probative evidence, is required. Doc. #27, PAGEID#177. The BIA's decision stated that the October 17, 2016, NOID set out the basis for the conclusion that the Ferguson marriage was fraudulent.

> The Director noted that the beneficiary had entered the United States on March 29, 2013, as a nonimmigrant visitor with authorization to remain in the United States until September 28, 2013. On August 23, 2013, Makhamreh married [Ferguson], a United States citizen, who submitted her Petition for Alien Relative (Form I-130) for the beneficiary on September 23, 2013. However, approximately 1 week later, on October 1, 2013, [Ferguson] submitted a letter withdrawing the Form I-130, stating that she realized that the marriage may have been for reasons other than a relationship with her, that she did not live with the beneficiary, that the beneficiary visited his relatives regularly, that he never visited her at her residence and did not provide [her] with access to his residence, that the beneficiary physically assaulted her[,] and that she planned to file for divorce.

Doc. #27, PAGEID#178.

The BIA also noted that when Plaintiffs appeared for a follow-up interview on November 23, 2015, Makhamreh did not explain "the circumstances of his separate living arrangements" during his marriage to Ferguson. *Id.* at PAGEID#178. Moreover, in response to the NOID, Petitioner Riley produced a number of documents including affidavits and a resident ledger for Makhamreh and a Jonathan Adamson for a rental in Lawrenceburg, Kentucky. *Id.* According

13

to the BIA decision, the May 1, 2017, denial by the USCIS listed various discrepancies in addresses provided by Makhamreh. Additionally, his statement in his affidavit that he was unable to live with Ferguson during the marriage due to their lack of income was refuted by a payment history in the resident ledger. This document established that the Beneficiary shared the rental with Jonathan Adamson from October 2, 2013, to October 31, 2014. *Id.*; Doc. #27-5, PAGEID##283-284. The BIA noted that the rental ledger showed an application fee and security deposit paid on August 14, 2013, 10 days before Makhamreh's marriage to Ferguson. *Id.* The BIA's decision found that the failure of Makhamreh and Ferguson to live together and "hold each other out as a married couple" was probative evidence that the marriage was entered into for the purpose of evading the immigration laws. *Id.* PAGEID#178.

Petitioner bears the burden to show that a prior marriage was *bona fide*. *See Matter of Tawfik*, 20 I. & N. Dec. 166, 167 (BIA 1990); *Matter of Kahy*, 19 I. & N. Dec. 803, 806–07 (BIA 1988); 8 C.F.R. § 204.2(a)(1)(ii). Such evidence generally includes "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." *Laureano*, 19 I. & N. at 3. In this case, because of the short-term nature of the marriage and alleged lack of funds, the Court accepts that some of this evidence may not have been available. There is no dispute, however, that at no time during their marriage did Ferguson and Makhamreh live

14

together and there is evidence, as noted above, that there were discrepancies in the Beneficiary's addresses on his submissions to the USCIS and that he appears to have entered into a new rental arrangement with a Jonathan Adamson ten days before his marriage to Ferguson. Doc. #27-5, PAGEID#283. Moreover, although Makhamreh visited his family weekly, he did not introduce Ferguson to his family.

The Court finds that the decision of the BIA to deny Petitioner's I-130 Petition was not arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, and that there is substantial and probative evidence in the administrative record to support the BIA's finding that the Ferguson and Makhamreh marriage was a sham.

## IV. Conclusion

For the above stated reasons, Defendants' Motion for Summary Judgment, Doc. #30, is SUSTAINED and Plaintiffs' Motion for Summary Judgment, Doc. #28, is OVERRULED.

Judgment shall be entered in favor of Defendants and against Plaintiffs.

The captioned case is hereby terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

Date: October 20, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE